UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN BUSH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 20 C 6634 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE HONORABLE JOHN T. CARR, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

For the reasons set forth below, Defendant's motion to dismiss [23] is granted. This lawsuit is dismissed on abstention grounds, without prejudice to Plaintiff Edwin Bush pursuing his parental rights in state court. Enter judgment order. The 10/8/2021 status hearing [52] is stricken. Civil case closed.

### STATEMENT

The general background of this suit is set forth in *J.B. v. Woodard*, 997 F.3d 714 (7th Cir. 2021), though in this suit Edwin Bush (on behalf of himself and purportedly on behalf of his two children) sues not various DCFS officials and employees, but rather Cook County Circuit Judge John Carr, the judge presiding over his domestic relations case. Doc. 2. In seeking dismissal under Civil Rule 12(b)(1), Judge Carr invokes the domestic relations exception to federal jurisdiction, the *Rooker-Feldman* doctrine, and abstention. Doc. 23; Doc. 24 at 8-11. There is no need to look beyond abstention to resolve the motion. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *Milchtein v. Chisholm*, 880 F.3d 895, 899 (7th Cir. 2018); *In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir. 2008); *Haith ex rel. Accretive Health, Inc. v. Bronfman*, 928 F. Supp. 2d 964, 974 (N.D. Ill. 2013).

In *J.B.*, Bush challenged the constitutionality of actions taken by DCFS social workers and administrators that had "touched off a series of events leading to" Judge Carr's rulings in the domestic relations case. 997 F.3d at 721. Affirming the district court's dismissal of the suit on abstention grounds, the Seventh Circuit held that because "granting declaratory or injunctive relief would provide [Bush] with an offensive tool to take to state court to challenge [Judge Carr's] orders … federal courts need to stay on the sidelines." *Id*. at 723. In further support of abstention, the Seventh Circuit cautioned that "federal adjudication of [Bush's] claims would reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts." *Id*. at 724 (internal quotation marks omitted).

If the claims brought by Bush in *J.B.* warranted abstention to avoid providing him with an "offensive tool to take to state court to challenge [Judge Carr's] orders," abstention surely is warranted here, where Bush sues Judge Carr himself and asks this court to directly decide the

constitutionality of the judge's rulings and actions. Doc. 2 at ¶¶ 200-202, 214-215, 232. As in *J.B.*, dismissal rather than a stay is in order, *see J.B.*, 997 F.3d at 725, with the dismissal being without prejudice to Bush continuing to pursue his parental rights in state court.

October 5, 2021

                                                                           United States District Judge